UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

E. James Peters, and
Susan Dvorak,

Civ. File No. 00-1700 (PAM/RLE)

Plaintiffs,

v.

**MEMORANDUM AND ORDER**

Beaulieu Group, LLC,

Defendant.

---

This matter is before the Court on Defendant's Motion for Summary Judgment. For the reasons that follow, the Court denies Defendant's Motion.

**BACKGROUND**

This case involves allegations of age discrimination by Plaintiffs James Peters and Susan Dvorak against their former employer Beaulieu Group, LLC ("Beaulieu"). Beaulieu is a carpet manufacturer and distributor. In 1998, Beaulieu acquired Columbus Mills, another carpet manufacturer. Both Peters and Dvorak were originally employed by Columbus Mills, and both became employees of Beaulieu after the acquisition. Both were fired on March 31, 1999, allegedly as part of a reduction in force ("RIF").

At the time of his termination, Peters was 68 years old. He began working for Columbus Mills in 1994 as a sales representative for the Lotus carpet brand. His territory included most of the upper Midwest. He contends that he was one of top sales

FILED AUG 1 2 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

representatives in the country for Lotus. Indeed, less than six weeks before his termination, he received a Beaulieu President's Award as one of the top performers in fiscal year 1998. After he was fired, a Beaulieu sales representative named Susan MacKay was assigned his territory. At the time, MacKay was 32 years old.

Dvorak began her employment with Columbus Mills in 1990. She worked as a territory manager for the Lotus carpet brand in New Jersey, Connecticut, and New York. In December 1998, after Beaulieu acquired Columbus Mills, she transferred to North Carolina because her husband had a job opportunity there. She became territory manager for Charlotte, North Carolina, and South Carolina. In February 1999, at the same meeting during which Peters received the Beaulieu President's Award, Dvorak received a Beaulieu Quota Achievement Award for achieving 116% of her sales goal in fiscal year 1998. Six weeks later, her employment was terminated. She was 52 years old. Shortly thereafter, Beaulieu hired a former employee, Robert Patrick, as the territory manager for Dvorak's territory. Patrick was 34 years old.

Beaulieu contends that Peters and Dvorak were terminated for legitimate business reasons as part of a RIF. According to Beaulieu, the Lotus carpet brand lost a considerable amount of money each month. David Caples, Senior Vice President of Sales and Marketing for Beaulieu's Commercial Division, determined that the only way to make the Lotus brand profitable was to reduce the sales force. Caples was solely responsible for determining whom to fire. He testified that he chose to fire Dvorak because she was unfamiliar with her

new territory, and her home in Charlotte was more than 100 miles from the territory's largest customer, who was located in Greenville, South Carolina. Caples chose to fire Peters because many of Peters' sales were made through intermediate distributors, who absorbed a portion of the profit that would have gone directly to Lotus had Peters made the sale directly. Caples admitted that he did not review personnel files or performance reviews when making his decisions regarding the RIF.

Peters and Dvorak allege that the RIF was a pretext to rid the company of older workers. They further contend that Caples' stated reasons for terminating their employment are likewise pretextual. They point to the fact that of the ten Lotus employees terminated in March 1999, nine of them were more than 40 years old. They also point to evidence that of the four employees who replaced those fired in the alleged RIF, only one was more than 40 years old.

The Complaint raises claims of age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a. Peters has also brought a claim for age discrimination under the Minnesota Human Rights Act ("MHRA"), Minn. Stat. § 363 et seq.

**DISCUSSION**

**A. Standard of Review**

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence

in the light most favorable to the nonmoving party. Enter. Bank v. Magna Bank, 92 F.3d 743, 747 (8th Cir. 1996). However, as the United States Supreme Court has stated, "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Enter. Bank, 92 F.3d at 747. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts in the record showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Krenik v. Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995). In employment discrimination cases, the Eighth Circuit has cautioned that summary judgment should be granted sparingly. Crawford v. Runyon, 37 F.3d 1338, 1341 (8th Cir. 1994).

**B. Age Discrimination Claims**

Age discrimination claims under the ADEA and MHRA are analyzed under the three-step analytical framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-4 (1973). Beshears v. Asbill, 930 F.2d 1348, 1353 n.7 (8th Cir. 1991) (ADEA); Dietrich v. Canadian Pac. Ltd., 536 N.W.2d 319, 323 (Minn. 1995) (MHRA). The first prong requires a plaintiff to establish a prima facie case of discrimination. McDonnell Douglas, 411 U.S.

at 802. If the plaintiff does so, the burden shifts to the defendant to proffer a legitimate non-discriminatory explanation for its conduct. Id. If the defendant meets this burden, the presumption of discrimination disappears, and the burden reverts to the plaintiff to establish that the defendant's proffered reason was a pretext for discrimination. Id. at 804.

In order to establish a prima facie case of discrimination, Plaintiffs must demonstrate that they: 1) were within the protected age group; 2) were performing their jobs adequately; and 3) were discharged from employment. Lowe v. J.B. Hunt Transp., Inc., 963 F.2d 173 (8th Cir. 1992). Beaulieu asserts that because this is a RIF case, Plaintiffs are subject to an additional step in their prima facie case. In the RIF context, a plaintiff must produce additional evidence of age-related animus to establish a prima facie case. Holley v. Sanyo Mfg., Inc., 771 F.2d 1161 (8th Cir. 1985).

Plaintiffs have undisputedly met their burden with respect to the first three elements of their prima facie case. They are both more than 40 years old. See 29 U.S.C. § 631(a) (ADEA's protected class is persons over age 40). Beaulieu does not contest that Plaintiffs were performing their jobs adequately, and they were both terminated.

The question then becomes whether Plaintiffs must produce additional evidence to show that their terminations were because of their age. Plaintiffs contend that the RIF excuse was in itself a pretext for discrimination and that the additional showing required by Holley does not apply. They claim that, although ten jobs were eliminated, four people were hired to replace some of those fired. They also assert that Beaulieu has failed to offer any

evidence to support its claim that the Lotus brand was losing money. Indeed, Beaulieu's only evidence on this point is the testimony of Caples.

Plaintiffs have raised a genuine question as to whether they were terminated as part of a legitimate RIF. Thus, the additional showing requirement should not apply, at least at this preliminary stage of the litigation. If Plaintiffs can otherwise clear the McDonnell Douglas burden-shifting hurdles, it will be for the jury to decide whether Beaulieu's claimed RIF was a bona fide RIF such that Plaintiffs must adduce additional evidence of age-based animus. See Gaworski v. ITT Commercial Fin. Corp., 17 F.3d 1104, 1108 (8th Cir. 1994) (affirming denial of JNOV on issue of legitimacy of RIF).

Because Plaintiffs have met their burden to establish the initial three elements of their prima facie case, the burden shifts to Beaulieu to provide a legitimate, non-discriminatory reason for the terminations. Beaulieu has met its burden, in the form of Caples' testimony justifying his decision to eliminate Peters' and Dvorak's positions. The burden then shifts back to Plaintiffs to show that Beaulieu's proffered reasons are a pretext for age discrimination. In order to meet this burden, Plaintiffs must show both that "the evidence considered in its entirety (1) creates a fact issue as to whether the employer's proffered reasons are pretextual and (2) creates a reasonable inference that [Plaintiffs' age] was a determinative factor in the adverse employment decision." Rothmeier v. Inv. Advisers, Inc., 85 F.3d 1328, 1336-37 (8th Cir.1996).

Beaulieu claims that Plaintiffs cannot challenge Beaulieu's business decisions and

thus that Plaintiffs cannot establish that there is a fact issue as to pretext. Beaulieu also contends that, in any event, there is no evidence that Plaintiffs' age played any role in the decision to terminate them. Beaulieu is correct that Plaintiffs cannot use the ADEA "as a means of reviewing the propriety of a business decision." Jorgensen v. Modern Woodmen of Am., 761 F.2d 502, 505 (8th Cir. 1985). However, in this case, Plaintiffs have come forward with evidence that raises questions "as to the believability, not the propriety, of [Beaulieu's] purported reasons for discharging [Plaintiffs]." Gaworski, 17 F.3d at 1110. There is evidence that, although Caples allegedly fired Dvorak because he was concerned about her ability to generate sales in an unfamiliar territory, he hired as her replacement a much younger former employee who had been terminated previously for poor sales performance. The replacement was again fired for poor performance less than 18 months after assuming Dvorak's former duties. As for Peters, there is evidence that, even taking into account the sub-distributor commissions paid on his sales, he was one of the top-grossing sales representatives in the country. Moreover, Caples justified his decision to terminate Peters by claiming that Caples was concerned that Peters would be unable to work with architects and designers, yet Peters' supervisor had commented in Peters' most recent evaluation that Peters was "very good at working with . . . the [architecture and design] community." (Paton Dep. Ex. 6.)

Here, as in Gaworski, Plaintiffs have produced evidence that, taken in the light most favorable to Plaintiffs, "is sufficient to allow a reasonable jury to conclude that [Beaulieu's]

proffered non-discriminatory reasons were 'unworthy of credence.'" Gaworski, 17 F.3d at 1110 (quoting Hazen Paper Co. v. Biggins, 507 U.S. 604, 613 (1993)). Thus, Plaintiffs have met their burden to show that genuine issues of material fact remain to be resolved on the issue of pretext. This same evidence suffices to establish a genuine issue regarding the existence of age discrimination in this case. See Ryther v. KARE 11, 108 F.3d 832, 837 (8th Cir.1997) (en banc) (holding that elements of prima facie case, if" accompanied by evidence of pretext and disbelief of the defendant's proffered explanation, . . . may permit the jury to find for the plaintiff"). Summary judgment is not appropriate.

**CONCLUSION**

For the foregoing reasons, and upon all the files, record, and proceedings herein, the Court concludes that genuine issues of material fact remain to be resolved on Plaintiffs' claims. Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (Clerk Doc. No. 22) is **DENIED.**

Dated: August 12, 2002

Paul A. Magnuson
United States District Court Judge